# MOLINA

*v.*

# CORREA.

San Juan, Equity, No. 994.

DOMICIL IN THE FEDERAL PROCEDURE.

Federal Jurisdiction—Domicil.

> Citizenship, residence, and domicil are not synonymous, and Federal jurisdiction in Porto Rico depends upon citizenship and domicil. Domicil has the two elements of residence and intention to remain. Domicil of origin continues until changed.

Opinion filed January 23, 1918.

NOTE.—Gaining new domicil or residence before abandoning occupation of old residence, by purchasing or hiring property in new locality with intention of establishing permanent residence there, see note in 33 L.R.A. (N.S.) 766.

*Mr. H. G. Molina pro se.*

HAMILTON, Judge, delivered the following opinion:

In the case at bar the bill of complaint was filed June 11, 1917, and the motion to dismiss for want of jurisdiction was filed October 4, 1917. The motion sets up that defendant Jordan is domiciled at Utuado, and that Molina, the plaintiff, is domiciled in San Juan, Porto Rico. The motion also sets up that defendant Amengual is a resident of Porto Rico, and that the amount involved is less than $3,000. The last objection does not seem to be insisted upon or is disproved, and need not be considered. The domicil of defendant Jordan is conceded to be in Porto Rico. On the other hand, the plaintiff, Molina, claims that, while he resides and practises law in Porto Rico, he was born in New York, expects to return to that city, and has always claimed New York as his domicil. The motion, therefore, raises the interesting question whether an American born in the states, and living and practising law in Porto Rico, is or is not to be considered as having his domicil on the island.

In considering such questions, the three terms of citizenship, residence, and domicil must be distinguished. No question is raised as to the citizenship of the plaintiff, but only as to his domicil. Section 41 of the Jones Act, prescribing the jurisdiction of this court, requires that the domicil of all parties on at least one side of a suit be in the states. What, therefore, constitutes domicil?

There is no dispute that the residence, that is to say, the

Molina v. Correa.

actual ordinary life of the plaintiff, is in Porto Rico. He owns a house here and is living here with his family, but wants to sell the house. Domicil is made up of two elements, each of which is necessary. These two elements are (1) residence and (2) intention to remain. There is no question that the domicil of the plaintiff by birth was New York; has he acquired a different domicil by living in Porto Rico? The question is important because, if the intent of the law is to make mere residence the test, many Americans living in Porto Rico and speaking only English will be forced to bring or defend their suits in the local courts, where Spanish is almost exclusively spoken. On the other hand, if this is not the intention, the change in the Jones Act from the provisions of the Foraker Act as to venue of suits will be little affected except as to the amount involved.

An important point in regard to domicil is that the domicil of birth continues until there has been a different domicil acquired. This, as observed by Lord Westbury, is frequently lost sight of, and yet in case of doubt may be decisive. Bell v. Kennedy, L. R. 1 H. L. Sc. App. Cas. 307, 9 Eng. Rul. Cas. 764. This domicil by birth is called domicil of origin, and is involuntary. To change it the domicil of origin must be relinquished in favor of a domicil of choice. It even revives ipso facto when there is no other domicil and does not require any intention of one kind or the other. On the other hand, the domicil of choice is a conclusion which the law derives from the fact of a man's fixing voluntarily his chief residence in a particular place with an intention of continuing to reside there for an unlimited time. Udny v. Udny, L. R. 1 H. L. Sc. App.

X. Porto Rico.—19.

Molina v. Correa.

Cas. 441, 9 Eng. Rul. Cas. 782. In order to effect the new domicil the change must be without retaining any animus revertendi. Wilbraham v. Ludlow, 99 Mass. 587. The domicil of origin is presumed to continue until a new one is acquired. This is a question of fact rather than of law, and the circumstances of each case vary. It is to be remembered, however, that the intention to make a change of domicil should be established by very clear proof. Dupuy v. Wurtz, 53 N. Y. 556, Rapallo, J.; 9 R. C. L. 542.

Federal decisions are to the same effect, judicial being a different thing from political citizenship. State citizenship and domicil are the same thing. Marks v. Marks, 75 Fed. 321, 324; Simkins, Fed. Eq. Suit, 124.

The statement under oath of the plaintiff as to his intention to return to New York is explicit, and, being uncontroverted, must be held to be conclusive. It is not infrequent that people from the states come to Porto Rico to live, with no intention whatever of returning to their old home. Nevertheless it is a change much greater than going from one of the states to another and should not be so early presumed. The political institutions are different, the climate is different, the people are different, the language is different. There can be no presumption that residence and business, for business is merely incidental to residence, mean permanent change of domicil. It may of course be a fact, but it is a fact to be proved, and in the case at bar it is not proved and is distinctly denied by the plaintiff himself.

The point raised as to there being a separable controversy between the plaintiff and one of the defendants would be important only if the domicil of the plaintiff was held to be in

Molina v. Correa.

Porto Rico. Such not being the case, the point need not be considered.

It follows that the motion must be denied.

It is so ordered.